# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILADELPHIA INDEMNITY INS. CO,
*A Pennsylvania corporation*

      Plaintiff,

vs.                                                                                      1:20-cv-01293-KWR-SCY

BLUE MOUNTAIN CONTRACTORS, LLC, *a
New Mexico limited liability company;*
ROGELIO AVILA and NOIRA AVILA,
*Husband and wife,*

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment against the Defendants Blue Mountain Contractors, LLC, and Rogelio and Noira Avila (collectively "Defendants"). Having reviewed the pleadings and the applicable law, the Court finds that Plaintiff's motion for default judgment is well taken in part and is therefore **GRANTED IN PART** and **DENIED IN PART**. Default judgment shall be entered against the Defendants in regard to liability only while the Plaintiff will supplement the record with further evidence supporting the amount sought in damages.

## BACKGROUND

The Plaintiff seeks damages for losses suffered as a result of claims made against performance and payment bonds ("Bonds") issued to the Defendants. *See* Pl.'s Compl., Docket 1. The Defendants have failed to appear or make any filings despite service of process. The Defendants sought two such Bonds to perform work as a contractor in the State of New Mexico

on a Ft. Sumner Middle School ("FSMS") project. Docket 1, ¶ 11. The Defendants contracted with the Plaintiff via a General Indemnity Agreement ("GIA") and received a guarantee of two Bonds each worth a penal sum of $262,875.20. Docket 1, ¶ 11. Pursuant to the GIA, the Plaintiff served as surety to support a contract between the Defendants and FSMS for a new concession building at FSMS. Docket 1, ¶ 11. Importantly, although immaterial to the Plaintiff's claims for damages, the Defendants, after receiving proof of the Bonds in the above amount, allegedly fraudulently altered the totals to indicate a penal sum of $684,925.00 and presented them to FSMS in May, 2018. Docket 1, ¶ 13. The alleged fraud was not discovered by the Plaintiff until October, 2018. Docket 1, ¶ 14. Later, on January 8, 2019, and January 28, 2019, the Plaintiff submitted two letters to the Defendants demanding payment of collateral for claims made against the Bonds. Docket 1, ¶ 15. The Plaintiff's demands in these letters were for the initial, unaltered amount of one Bond, $262,875.20. Docket 1, Ex. D. The Plaintiff's Complaint asserts that $850,000 was also demanded of the Defendant in collateral, but this is unsupported by anything in the record. Docket 1, ¶ 15.

It appears from the record that the Defendant at some point stopped working on the FSMS project before it was completed, resulting in claims against the Bonds which were guaranteed by the Plaintiff. *See* Docket 1, ¶ 17-20. Thereafter, the Plaintiff obtained subcontractors and suppliers to complete the project under its performance bond obligations. Docket 1, ¶ 19. The Plaintiff asserted at the time of filing its Complaint that its total loss as a result of the Defendants' breach of contract was $381,598.89. Docket 1, at 21, Dec. 14, 2020.

The Plaintiff now seeks the initial amount prayed for in the Complaint, plus $64,957.56 in prejudgment interest and $2,995.40 in additional costs and attorney's fees. Req. for Clerks' Entry of Default J., 2, Docket 10, at 2, Mar. 31, 2021. The prejudgment interest rate used to obtain this

2

sum was fifteen percent, which the Plaintiff asserts is pursuant to the GIA with the Defendant. Docket 10, at 2. Finally, the Plaintiff also seeks a reward for post-judgment interest, presumably at the same rate, until payment is made. Docket 10, at 2.

## DISCUSSION

**I.       The Plaintiff's Motion is granted as to liability.**

The Plaintiff seeks default judgment on liability for breach of contract by the Defendants. Docket 1, ¶ 26. Rule 55 mandates a two-step process for a default judgment. Fed. R. Civ. P. 55. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)). Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015).

The Court has jurisdiction over this case through complete diversity and as the matter in controversy exceeds $75,000.

All Defendants were properly served with process on Dec. 23, 2020 by hand delivery to Defendant Rogelio Avila. Aff. Of Service, Docket 4, 5, 6, Dec. 29, 2020. Service for Defendant Noira Avila was also hand delivered to Rogelio Avila who is her husband and co-resident. Docket

3

6. Blue Mountain Contractors, LLC. was also effectively served as Rogelio Avila is a registered agent to accept service. Docket 4. After the Defendants were served, they failed to appear in this case or answer the complaint. The Plaintiff requested that the Clerk of the Court enter default against the Defendants and the request was granted. Mot. For Clerk's Entry of Default, Docket, 7, Feb. 10, 2021.

The Court concludes that the allegations in the complaint, taken as true, provide a sufficient basis for entry of default judgment. The Defendants have given no indication that they intend to appear or defend this case. Therefore, default judgment on liability is appropriate.

II. **The Plaintiff's request for damages in the amount of $449,551.85, plus post-judgment interest is denied due to lack of sufficient evidence. Plaintiff is directed to supplement the record to support the amount sought.**

The Plaintiff seeks damages for its total loss as a result of the Defendants' breach of contract in the amount of $381,598.89. Docket 1, 21, Dec. 14, 2020. In addition, the Plaintiff seeks $64,957.56 in prejudgment interest and $2,995.40 in additional costs and attorney's fees. Req. for Clerks' Entry of Default J., 2, Docket 10. The interest rate used to calculate this sum is fifteen percent, which the Plaintiff asserts is pursuant to the GIA. The Plaintiff also asks for post-judgment interest to be included in the judgment against the defendant. The total amount sought, not including post-judgment interest, is $449,551.85. This request is denied because, (1) the record is lacking in sufficient evidence for the Court to conclude what the Plaintiff's actual losses were, and (2) the basis for a fifteen percent interest rate is lacking in the record.

A. **Relevant Default Judgment Damages law.**

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v.*

4

*Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004). Moreover, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

"In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D.Colo. Mar. 19, 2010) (citing *Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C.2009), *quoted in Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1277 (D. Kan. 2016). "The calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry*." Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006), *quoting Joe Hand Promotions, Inc. v. Hernandez*, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).

## B.  Insufficiency of Evidence to Support Amount of Loss.

The record in this case consists primarily of evidence that the Defendants did, in fact, obtain a guarantee of two Bonds from the Plaintiff. While well-pleaded facts in the Complaint are taken as true for purposes of liability, the court is required to examine the sufficiency of all evidence with respect to damages. *Rangel,* 2006 WL 8444385, at *2. Here, the Plaintiff asserts without evidence that it paid $384,760.96 to subcontractors and suppliers to complete the Defendants'

5

work on the FSMS project. Docket 1, ¶ 29. It offers little evidence to support that number. Two letters to the Defendant from employees of the Plaintiff, demand that the Defendant pay $262,875.20 in collateral, but no further evidence is provided as to how the above sum is reached. Docket 1, Ex. D. Further, the Complaint asserts that another sum, $850,000, was demanded by of the Defendant as collateral. Docket 1, ¶ 15. This demand is unsupported by the record. Importantly, it appears from the record that these demands for collateral do not contribute to the total loss. The record is then completely lacking in evidence, other than the Plaintiff's assertions, as to what the total loss was. It should be noted that the amount in controversy is not small. In order to satisfy a "sufficiency of the evidence" standard for damages, the Plaintiff must produce documents supporting its claim for loss.

    **C.**    **Plaintiff has not yet shown an entitlement to prejudgment interest.**

Prejudgment interest is an element of compensatory damages and is part of the actual damages sought. *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc*., 532 F.3d 1063, 1077 (10th Cir. 2008) (quoting *Johnson v. Cont'l Airlines Corp.,* 964 F.2d 1059, 1063–64 (10th Cir.1992). That said, prejudgment interest is not a matter of right, but within the district court's discretion to determine unless a statute or contract establishes a specified amount. *Resolution Trust Corp. v. Fed. Sav. & Loan Ins. Corp.*, 25 F.3d 1493, 1506 (10th Cir.1994). The court must first determine whether federal law expressly allows or forbids prejudgment interest. *Frymire v. Ampex Corp*., 61 F.3d 757, 772 (10th Cir.1995). There is no such federal statute in this case, and "[a] federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *Manning & Smith Ins., Inc. v. Hawk-Moran Ins., Agency*, 208 F.3d 226, 5 (Table) (citing *Strickland Tower Maint., Inc. v. AT & T Commc'ns, Inc.,* 128 F.3d

1422, 1429 (10th Cir.1997)). Therefore, New Mexico law is controlling in regard to the amount of prejudgment interest a Federal District Court may award.

The Plaintiff has not yet pointed to any New Mexico statute that authorizes prejudgment interest in the amount sought. The Plaintiff asserts in its motion that "prejudgment interest has accumulated at the rate of fifteen percent (15%) . . . in the amount of $64,957.56." Docket 10, at 2. However, the record is absent any reference to statute that authorizes this amount. The Plaintiff has yet to demonstrate that it is entitled to prejudgment interest in the amount sought.

**D. Post-judgment Interest is valid.**

An award of post-judgment interest is mandatory and "shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961; *Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 81 (10th Cir. 1996); *See Boston Old Colony Ins. Co. v. Tiner Assoc., Inc., et al*., 288 F.3d 222, 223 (5th Cir. 2002) (post-judgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law). Section 1961 provides that:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court… Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.

28 U.S.C. § 1961(a).

Thus, the Plaintiff is entitled to post-judgment interest on its damages. The Court concludes that Defendant is entitled to post-judgment interest at the statutory rate in effect when

the Judgment is entered by the Court, to accrue from the date the Court enters the Order of Judgment.

## CONCLUSION

The Court finds that the Defendant's failure to appear or make any filings in this matter, and the well-pleaded facts contained in the Plaintiff's Complaint are sufficient to grant its motion as to the Defendant's liability. The Plaintiff will supplement the record with evidence supporting its losses as a result of the Defendant's breach of contract and the Court will determine an appropriate amount of damages therefrom.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment Against Defendants Blue Mountain Contractors, LLC., Rogelio Avila, and Noira Avila, **(Doc. 10)** is hereby **GRANTED IN PART** and **DENIED IN PART** for reasons described above.

**IT IS FURTHER ORDERED** that the Plaintiff supplement the record with evidence supporting its losses as a result of the Defendant's breach of contract.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**