IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    Plaintiff,

v.                                                    Civ. No. 1:20-cv-01293 MIS/SCY

BLUE MOUNTAIN CONTRACTORS, LLC,
ROGELIO AVILA, and NOIRA I. AVILA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Request for Clerk's Entry of Default Judgment (ECF No. 10) and Supplement to Request for Entry of Default Judgment (ECF No. 14). For the reasons explained below, the Court grants Plaintiff's request in full and enters default judgment as to damages.

## BACKGROUND

The facts relevant to Plaintiff's request for default judgment are as follows.[1] Plaintiff brought suit in this Court on December 14, 2020, alleging a single claim for breach of contract based on the General Indemnity Agreement executed January 16, 2018. ECF No. 1. Although service was timely effected on all Defendants, they neither responded to the complaint nor entered an appearance in the case. The Clerk filed an Entry of Default on February 11, 2021. ECF No. 8.

On March 31, 2021, Plaintiff requested an entry of default judgment by the Clerk. ECF No. 10; *see* Fed. R. Civ. P. 55(b)(1). In a Memorandum Opinion and Order ("MOO")

---

[1] A thorough recitation of the facts was given in the Court's prior Memorandum Opinion and Order, *see* ECF No. 12, and will not be repeated here but is incorporated by reference.

1

issued on June 28, 2021, the Court granted Plaintiff's request and entered default judgment as to liability. ECF No. 12. However, the Court denied Plaintiff's request as to damages because it found that Plaintiff (1) had presented no evidence of the amount actually paid to complete Defendants' work, and (2) did not cite a New Mexico statute authorizing prejudgment interest in the amount sought. *Id*. at 5–7. The Court ordered Plaintiff to supplement the record with evidence supporting its losses. ECF No. 13. Plaintiff timely complied.

On September 7, 2021, several months after the Court entered default judgment as to liability, Defendant Rogelio Avila filed a letter requesting an extension of time to obtain counsel. ECF No. 15. The Court granted an extension until January 25, 2022. ECF No. 20. A hearing was held on that date. ECF No. 21. Defendant Rogelio Avila appeared, informed the Court that Defendants had not succeeded in obtaining representation, and requested a further extension. In light of the lengthy extension already granted, his request was denied. ECF No. 22.

Defendants Rogelio and Noira Avila[2] neither filed a response nor sought an extension of time to respond to Plaintiff's request for default judgment. The final disposition of this matter is now before the Court.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure define a two-step process for the entry of default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."

---

[2] As the Court explained in a prior Order, Defendant Blue Mountain Contractors, LLC, cannot proceed without an attorney. *See* ECF No. 20 at 2. It was therefore unable to respond, either pro se or through Defendants Rogelio and Noira Avila.

2

Fed. R. Civ. P. 55(a). Second, the plaintiff must request an entry of default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation" and the defendant is neither a minor nor incompetent, default judgment may be entered by the clerk. Fed. R. Civ. P. 55(b)(1). In all other instances, default judgment must be entered by the court. Fed. R. Civ. P. 55(b)(2).

At this second stage, following the clerk's entry of default, the court takes as true "all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, the court may enter default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

## DISCUSSION

### I.     COMPENSATORY DAMAGES

Defendants agreed to indemnify Plaintiff from all damages arising from the "investigation of claims or potential claims, procuring or attempting to procure the discharge of [the] Bond, or attempting to recover losses or expenses from [Defendants] or third parties." ECF No. 1-4 at 6. Plaintiff claims $337,732.27[3] in compensatory damages. This total consists of $387,507.66 paid to subcontractors and suppliers for

---

[3] These compensatory damages do not include Plaintiff's claimed attorney fees, *see* ECF No. 14-1 at ¶ 9, which are addressed below. Plaintiff's entitlement to prejudgment interest is also addressed below.

amounts unpaid and to complete the project; $42,913.14 to construction consultants for an initial investigation and to complete the project; and $1,208.08 to inspect the project site and meet with the client, Fort Sumner Municipal Schools. ECF No. 14-1 at ¶¶ 7, 8, 10. These expenses totaled $431,628.88. Upon completion of the construction project, Fort Sumner Municipal Schools paid Plaintiff $93,896.61, which is subtracted from Plaintiff's actual damages for a total of $337,732.27. *Id*. at ¶ 11.

These amounts are supported by the Declaration of Robin Wilcox, Plaintiff's Claims Examiner, and by attached copies of all checks paid by Plaintiff to subcontractors, suppliers, and laborers to complete the project and satisfy Plaintiff's duties under the Bonds. *See* ECF No. 14-1. Upon review of the documentary evidence, the Court finds the amount of Plaintiff's damages is "a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1); *see also Hunt*, 770 F.2d at 148; *Seme v. E & H Prof'l Sec. Co.*, 2010 U.S. Dist. LEXIS 48011, at *31 (D. Colo. Mar. 19, 2010) ("In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."). A hearing is therefore unnecessary, and the Court will enter default judgment in the amount of $337,732.27 plus all applicable interest and fees.

## II.     PREJUDGMENT INTEREST

Because Defendants were found liable for breach of contract, Plaintiff is statutorily entitled to prejudgment interest of "not more than fifteen percent." N.M. Stat. § 56-8-3(A);[4] *Shaeffer v. Kelton*, 619 P.2d 1226, 1232 (N.M. 1980). "Prejudgment interest is awarded

---

[4] Section 56-8-3 regulates the rate of prejudgment interest "in the absence of a written contract fixing a different rate." N.M. Stat. § 56-8-3. Federal courts apply § 56-8-3 when determining prejudgment interest on state law claims. *See City of Farmington v. Amoco Gas Co.*, 777 F.2d 554, 566 (10th Cir. 1985).

as a matter of right only when the party has breached a duty to pay a definite sum of money or the amount due under the contract can be ascertained with reasonable certainty by a mathematical standard fixed in the contract or by established market prices." *Smith v. McKee*, 859 P.2d 1061, 1063 (N.M. 1993). In addition, "[t]he trial court has discretion to award prejudgment interest, if justice requires, when the contract amount is not ascertainable by the above means." *Kueffer v. Kueffer*, 791 P.2d 461, 463 (N.M. 1990).

In this case, the amount due to Plaintiff under the contract is ascertainable with reasonable certainty under the standard fixed by the General Indemnity Agreement. *See* ECF No. 1-4 at 6; *Kueffer*, 791 P.2d at 463 (finding the amount owed ascertainable where the contract defined "net proceeds" as "limited to the funds or land received, pursuant to the [Conron Contract], less any claim Conron has been paid arising from the actual [Conron Property Development Project]"). "When a plaintiff is entitled to prejudgment interest as a matter of right, the burden rests on the defendant to demonstrate a sufficient basis for denying such an award." *Sunwest Bank, N.A. v. Colucci*, 872 P.2d 346, 351 (N.M. 1994). Defendants have proffered no such basis, and the Court must therefore award prejudgment interest to Plaintiff as a matter of right.

The remaining issue is the proper rate of interest. This is "to be determined by the trial court in its discretion, subject to the statutory maximum of fifteen percent." *Sunwest Bank*, 872 P.2d at 352. However, the New Mexico Supreme Court has acknowledged that "[i]n many—perhaps most—cases, the claimant will be entitled to prejudgment interest at the fifteen-percent rate; and many of our cases have held that prejudgment interest, in the particular cases, was to be awarded 'at the statutory rate.'" *Id.*; *see also Salava v. Bunt*, 2021 U.S. Dist. LEXIS 96810, at *8–9, Civ. No. 20-cv-1360 WJ/KK (D.N.M.

5

May 21, 2021) (entering default judgment and awarding prejudgment interest pursuant to § 56-8-3 at a rate of fifteen percent). The Court finds the statutory maximum is appropriate in light of all evidence presented and the nature of Defendants' breach. The Court therefore grants Plaintiff's request for prejudgment interest at a rate of fifteen percent, accruing until the date of final judgment.[5]

## III.   ATTORNEY FEES

Plaintiff also seeks attorney fees in the amount of $57,780.00. ECF No. 24. These consist of 232.1 total hours by partner Edward Rubacha (at a rate of $250 per hour), associate Alana Porrazzo ($225 per hour), and paralegal Tanya Massahos ($110 per hour), and are supported by Mr. Rubacha's Declaration and a detailed log of all hours spent in connection with Defendants' breach. ECF No. 24-1.

In this diversity action, Plaintiff's right to recover attorney fees is determined by state law. *Rockwood Ins. Co. v. Clark Equipment Co.*, 713 F.2d 577, 579 (10th Cir. 1983). The General Indemnity Agreement provides the authority for an award of attorney fees and determines their scope. *Montoya v. Villa Linda Mall, Ltd.*, 793 P.2d 258, 259 (N.M. 1990). Defendants agreed to indemnify Plaintiff for damages of any kind, "including but not limited to attorneys' fees and costs," incurred in investigating claims, discharging the Bonds, and recovering losses. ECF No. 1-4 at 6. Plaintiff's attorneys spent the claimed hours, inter alia: (1) negotiating claims by numerous unpaid subcontractors and suppliers; (2) addressing wage claims by Defendant Blue Mountain Contractors, LLC's employees;

---

[5] This total has continued to accrue and will, accordingly, differ from Plaintiff's calculations made on August 5, 2021. *See* ECF No. 14-2. The Court agrees with the method of Plaintiff's interest calculations until that date, as set forth in Exhibit B to Plaintiff's Supplement to Request for Entry of Default Judgment. *Id.*

(3) addressing previously completed but defective work that required remediation; and (4) recovering the remaining contract balance in the present suit. ECF No. 24-1 at 3. The Court finds that the claimed fees clearly fall within the scope of attorney fees contemplated by the contract.

The award of attorney fees pursuant to a contract must also be reasonable. *Budagher v. Sunnyland Enters.*, 603 P.2d 1097, 1098 (N.M. 1979). This is determined with reference to a number of factors, including (1) the time and labor required, (2) the fee customarily charged in the locality for similar legal services, (3) the amount involved and the results obtained, and (4) the experience, reputation and ability of the lawyer. *Id*. Mr. Rubacha, whose work accounts for the vast majority of the claimed fees, states in his Declaration that he has represented sureties for more than thirty years; that his practice specializes in construction and surety representation; and that his firm's rates are commensurate with or below market rates for attorneys with similar experience practicing in Albuquerque, New Mexico. ECF No. 24-1. The Court finds that in light of these circumstances as well as the work performed and the nature of the case, the claimed fees are reasonable.[6] Plaintiff's request for attorney fees in the amount of $57,780.00 is therefore granted.

---

[6] Because there is no material factual dispute about the reasonableness or amount of attorney fees, the Court finds a hearing unnecessary and awards fees based on the documentary evidence. *C.f. Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 774 (10th Cir. 1999) (an evidentiary hearing is warranted if there is a material factual dispute over the reasonableness and amount of attorney fees, "unless the district court determines it has sufficient knowledge to make a decision without a hearing based on its experience with the case, and briefs and affidavits submitted by the parties.").

## CONCLUSION

For the foregoing reasons, the Court hereby **ENTERS** default judgment against Defendants, jointly and severally, in the amount of **$337,732.27** in actual damages and **$57,780.00** in attorney fees, plus prejudgment interest at the rate of fifteen percent and post-judgment interest at the applicable rate pursuant to 28 U.S.C. § 1961.[7]

**IT IS SO ORDERED.**

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[7] The Court previously determined that Plaintiff is entitled to post-judgment interest at the federal statutory rate in effect on the date the Judgment is entered by the Court. *See* ECF No. 12 at 7–8.